NO. 07-09-0042-CR
Â 
IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2009
______________________________

SANTIAGO MASON GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17779-0809; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_______________________________


Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.



ON ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Appellant, Santiago Mason Gomez, appeals from a trial court judgment pronounced
on January 13, 2009, and filed notice of appeal on January 14. The appellate record was
due by March 16, 2009. Tex. R. App. P. 35.2(b). The court clerk filed the clerkâs record on
March 6. The court reporter has requested three previous extensions of time to file the
reporterâs record on April 13, May 15, and June 29, all of which were granted. The court
reporterâs monthly report on June 29 indicated that the court reporter has recently
completed the reporterâs record in another case consisting of more than 5,000 pages. 
Further, the report indicated a possible trial week for July 20-24. On the current monthly
report, the court reporter indicates five pending appellate cases, with an estimated total
page count of over 2,000 pages, all of the cases with record due dates in August. 
Furthermore, the report indicates a travel week on August 3-7, jury weeks on August 10-20,
and another travel week on August 23-27. We note that the 64th Judicial District covers
Hale, Swisher, and Castro counties. Although the court reporter has answered all of our
inquiries and has diligently notified this court of her workload, this court has a responsibility
to ensure the timely filing of the appellate record. See Tex. R. App. R. 35.3(c).
Â Â Â Â Â Â Â Â Â Â Accordingly, we abate this appeal and remand the cause to the trial court for further
proceedings. See Tex. R. App. P. 35.3(c). Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
1.Â Â Â Â Â Â Â whether the reporterâs record can reasonably be filed in a manner that
does not further delay this appeal or have the practical effect of
depriving appellant of the right to appeal, and
Â 
2.Â Â Â Â Â Â Â whether an alternate or substitute reporter should or can be appointed
to complete the record in a timely manner.
Â 
Â Â Â Â Â Â Â Â Â Â The trial court shall cause the hearing to be transcribed. In addition, the trial court
shall (1) execute findings of fact and conclusions of law addressing the foregoing issues,
(2) cause a supplemental clerkâs record to be developed containing its findings of fact and
conclusions of law and all orders it may issue as a result of its hearing in this matter, and
(3) cause a reporterâs record to be developed transcribing the evidence and arguments
presented at the aforementioned hearing, if any. The trial court shall then file the
supplemental clerkâs record and any reporterâs record transcribing the hearing with the
clerk of this court on or before August 21, 2009. Should further time be needed by the trial
court to perform these tasks, then same must be requested before August 21, 2009.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Do not publish. 



lse"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-0171-CR, 07-10-0172-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL E

Â 



MARCH
15, 2011

Â 



Â 

GREGORIO RODRIGUEZ, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 137TH DISTRICT
COURT OF LUBBOCK COUNTY;

Â 

NOS. 2009-455,818, 2009-458,190, 2009-425,597,

Â 

2009-422,825; Â HONORABLE CECIL
PURYEAR, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

Â 

Â 

ORDER ON ABATEMENT AND REMAND

Â 

Â Â Â Â Â Â Â Â Â Â Â  In these four cases, appellant Gregorio Rodriguez
appeals his convictions on his open pleas of guilty and resulting
sentences.Â  On our own motion, after
examining the records, we consider our jurisdiction.Â  See State v. Roberts, 940
S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other grounds, State v.
Medrano, 67 S.W.3d 892, 901-03 (Tex.Crim.App.
2002) (appellate court may on its own motion address issue of its
jurisdiction). 

Â Â Â Â Â Â Â Â Â Â Â  The
reporterÂs record says sentence in each case was imposed in open court on March
3, 2010.Â  Docket sheet entries in each
case appear to indicate sentencing occurred on March 8.Â  Our case numbers 07-10-0122-CR and
07-10-0123-CR were misdemeanor convictions.Â 
The written judgments in these cases state Âjudgment entered and sentence
imposed on this 8th day of March, A.D. 2010.ÂÂ 
Our case numbers 07-10-0171-CR and 07-10-0172-CR were convictions for
state jail felonies.Â  The written
judgments in these cases state Âdate judgment entered: 3-8-10Â and Âdate
sentence imposed/to commenceÂ March 8, 2010.Â 
Also in case numbers 07-10-0171-CR and 07-10-0172-CR a document entitled
Âwaiver of constitutional rights, agreement to stipulate, and judicial
confessionÂ indicates it was Âsworn and subscribedÂ by appellant before a
deputy district clerk on Â3-8-10.ÂÂ 
Appellant filed a notice of appeal in each case on April 6, 2010.Â  

Â Â Â Â Â Â Â Â Â Â Â  Our
appellate jurisdiction is triggered through a timely notice of appeal.Â  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App.1996).Â  In the
absence of a motion for new trial, Rule of Appellate Procedure 26.2(a)(1) requires a notice of appeal be filed within 30 days
after the day sentence is imposed in open court.Â  Tex. R. App. P. 26.2(a)(1).Â  The rules of appellate procedure provide for
an extension of time to file the notice of appeal if Âsuch notice is filed
within fifteen days after the last day allowed and within the same period a
motion is filed in the court of appeals reasonably explaining the need for such
extension.ÂÂ  Tex. R. App. P. 26.3.Â  Both the notice of appeal and the motion for
extension of time must be filed within the time provided by the rules.Â  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998) (per curiam); Olivo, 918 S.W.2d at 522.Â  

Here, the clerkÂs records do not
contain motions for new trial, nor did we receive a motion for additional time
to file a notice of appeal.Â  It is
therefore evident that establishing the correct date sentence was imposed in
open court is essential to determining our jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â  Each
case is therefore abated and remanded to the trial court.Â  On proper notice, the trial court shall
convene an evidentiary hearing as soon as practicable to determine the
following:

(1)Â  the correct date on which sentence
was imposed in each case; and 

(2)Â  if that date was other than March 3,
2010, why the reporterÂs record is incorrect.

Following the hearing, the trial
court shall prepare findings of fact and conclusions of law regarding all
matters it considered in conjunction with this order.Â  The hearing shall be transcribed and included
in a supplemental reporterÂs record.Â  The
trial courtÂs findings of fact and conclusions of law as well as any orders
made in compliance with this order shall be included in supplemental clerkÂs
records, for each case.Â  The supplemental
reporterÂs record, and supplemental clerkÂs records prepared in each case,
shall be filed with the clerk of this court on or before April 4, 2011.Â  Should additional time be needed to perform
these tasks, the trial court may request same on or before April 4, 2011.

It is so ordered.

Per Curiam

Do not
publish.











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.Â